# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

EARNEST RAY MACK                                                                              PLAINTIFF
ADC #129856

V.                                          No. 3:19CV382-KGB-JTR

WARD, Sergeant, NCU, *et al.*                                                              DEFENDANTS

## ORDER

Plaintiff Earnest Ray Mack ("Mack"), a prisoner in the North Central Unit ("NCU") of the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 1*. He has also filed numerous Motions, "Notices," and untitled papers. *Docs. 3, 5, & 8-19*.

## I. Screening

Before Mack may proceed with this case, the Court must screen his claims.[1]

Mack's § 1983 Complaint does not contain a signature page, and his signature does not appear anywhere in the document. *See Doc. 1 at 1-5.* On January 3, 2020, the Court sent him a blank signature page and ordered him to sign and return it to

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

the Court by February 3, 2020. *Doc. 2 at 3*. The Court cautioned Mack that, if he did not sign his Complaint, it would be stricken from the record and his case would be subject to dismissal. *Id. at 3-4*.

Although Mack filed multiple papers after the Court's January 3, 2020 Order, he never filed the signature page or a signed Complaint. Accordingly, his unsigned § 1983 Complaint (*Doc. 1*) is stricken from the record. *See* Fed. R. Civ. P. 11(a) (a *pro se* litigant must sign every pleading and motion and a court "must strike an unsigned paper unless the omission is promptly corrected").

Additionally, the allegations in Mack's Complaint are deficient. He alleges that, on November 6, 2019, Defendant Corporal Walker "threw him in the hole" when he found out that Mack had filed a § 1983 lawsuit against him. According to Mack, he stayed in "the hole" for three days, with only a blanket and one pair of underwear, and no mattress. He alleges that, at the time, he had a bleeding boil on his left buttock, for which he was denied medical care for six days. He alleges that he begged Defendants Sergeant Ward, Sergeant Hunt and Sergeant Langstion every day for help, but they refused to give him a medical request form. Finally, he vaguely alleges that "the ADC" was trying to "set [him] up" on lies and keep him in the hole. *Doc. 1 at 4-5; see Doc. 10 at 1*.

Mack also names Sergeant Lowe, Sergeant Dover, "Mail Lady" Jenkins, and Warden Fauset, as Defendants (*Doc. 1 at 1-2)*, but does not make any factual or legal

allegations against them. In addition, the body of his Complaint mentions four other individuals (Sergeant Almoond, Nurse Boyce, Ms. Hall, and Ms. Bruwer), but it is unclear whether he intends them to be Defendants or "witnesses." *Id. at 4.*

Finally, Mack submits sixteen pages of random "exhibits" and affidavits, which refer to even more individuals (Nurse Brinks, Corporal Droz, Warden Pierce); however, it is unclear whether he wishes to assert claims against them. *Doc. 10.* Additionally, many of those papers concern events unrelated to the claim in his initial § 1983 Complaint, *i.e.,* that he was placed "in the hole" on November 6, 2019 in retaliation for a prior lawsuit, was subjected to allegedly unconstitutional conditions of confinement for three days, and was denied medical care for six days.[2] Multiple defendants may be joined in one lawsuit only if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *Stephens v. Does,* 777 F. App'x 176, 177 (8th Cir. 2019) (affirming dismissal

---

[2]Some of Mack's papers concern alleged misconduct occurring *after* he filed this lawsuit on December 30, 2019. It is well settled that a prisoner must fully exhaust his administrative remedies as to each claim *prior* to filing his lawsuit in federal court. *See* 28 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Thus, if Mack wishes to pursue any claims arising *after* December 30, 2019, he must: (1) fully and properly exhaust his administrative remedies within the prison system as to each of those claims; and (2) then file a *new and separate* § 1983 action raising the claims.

without prejudice of unrelated claims). Additionally, a prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit. *See Bailey v. Doe,* 434 F. App'x 573, 573 n.1 (8th Cir. 2011) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees). Thus, Mack must limit his present action to claims and Defendants that are *factually and legally related*.

Accordingly, if Mack wishes to proceed with this lawsuit, he must file, **within thirty (30) days of the date of this Order,** a *signed* Substituted Complaint that: (1) clarifies *who* he wants to name as Defendants in this lawsuit and explains the role and *personal involvement* of each of those Defendants in the respective constitutional violations he is alleging; (2) includes only claims that are *factually and legally related*; and (3) states specific *facts* that support each alleged constitutional violation; and (4) explains how he was *physically* harmed by the allegedly unconstitutional conditions of confinement.

### III. Mack's Motions

A.  Duplicative Motions and Notices

Four of Mack's Motions are duplicates of filings in another § 1983 case, *Mack v. Dover,* No. 1:19cv106-DPM-BD (Case No. 1:19cv106):[3] Motion for Attorney and

---

[3]In Case No. 1:19cv106, Mack alleged that his life was being threatened on a daily basis by officers and inmates at the NCU. Case No. 1:19cv106*, doc. 2*. On February 13, 2020, the Court held a hearing on Mack's request for preliminary injunctive relief. *Id., docs. 56-57*. At the hearing,

TRO (*Doc. 3)*; Motion for Subpoena of Video Footage (*Doc. 5-1); *Motion for Order (*Doc. 11)*; and Motion for Order (*Doc. 19)*. In Case No. 1:19cv106, the Court addressed these four motions, which raise matters that are not relevant here. *See* Case No. 1:19cv106, *docs. 27, 29, 34, 36, 60 & 61*. Thus, the Motions in this case (*Docs. 3, 5-1, 11 & 19)* are denied as duplicative.

Similarly, several of Mack's "Notices" in this case are duplicative of filings in Case No. 1:19cv106, and relate only to that case. *Docs. 12, 13, 15, 16, 17 & 18; see* Case No. 1:19cv106, *docs. 35, 37, 47, 48, 50 & 51*. Thus, they will be stricken from the record in this case.

    B.    Motion to Dismiss

Mack filed a Motion to Dismiss this case (*Doc. 8)*, but in another pleading "apologized" for the motion and stated that he wanted to proceed (*Doc. 3 at 2)*. Thus, his Motion to Dismiss is denied as moot.

    C.    Motion for Summons

Mack's Motion for Summons (*Doc. 9)* is denied as premature. After he files his Substituted Complaint clarifying the Defendants and claims in this case, the

---

Mack "testified at length about his reasons for requesting preliminary relief," stated that he "no longer feels that he is in immediate danger," and moved to dismiss all the claims in his lawsuit. *Id., doc. 57*. The Court found "no reason to doubt that his request to voluntarily dismiss his claims is sincere and not the result of any undue pressure." *Id.* Accordingly, on February 14, 2020, judgment was entered dismissing his complaint, without prejudice. *Id., doc. 58*.

Court will screen his claims and determine whether service is appropriate as to each Defendant.

## IV. Conclusion

IT IS THEREFORE ORDERED that:

1. Mack's Complaint (*Doc. 1)* is STRICKEN from the record.

2. The Clerk is directed to mail Mack a § 1983 complaint form that is labeled "Substituted Complaint."

3. If Mack wishes to proceed with this action, he must file, **within thirty (30) days of the date of this Order,** a *signed* Substituted Complaint containing the information specified in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

4. Mack's Motion to Appoint Counsel and for TRO (*Doc. 3),* Motion for Subpoena of Video Footage (*Doc. 5-1),* and two Motions for Order (*Docs. 11 & 19)*, are DENIED, without prejudice, as duplicative of Motions already addressed in Case No. 1:19cv106.

5. The following "Notices" are STRICKEN from the record, as duplicative of filings in Case No. 1:19cv106: *Docs. 12, 13, 15, 16, 17, & 18.*

6. Mack's Motion to Dismiss (*Doc. 8*) is DENIED as moot.

7. Mack's Motion for Summons (*Doc. 9*) is DENIED, without prejudice, as premature.

DATED this 23rd day of June, 2020.

```
                            _____
                            UNITED STATES MAGISTRATE JUDGE
```